UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Docket No. 3:22-cv- |
| | : | |
| JEANETTE MARIE CUEVAS and | : | |
| PROGRESSIVE DIRECT INSURANCE | : | |
| COMPANY | : | |

## COMPLAINT

1. Plaintiff, the United States of America ("United States"), by its attorneys, Vanessa Roberts Avery, United States Attorney, and Michelle L. McConaghy and David C. Nelson, Assistant United States Attorneys, seeks recovery of property damage caused by the Defendants.

## JURISDICTION

2. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1345.

3. Venue is proper in this District as the acts alleged in the complaint occurred in Connecticut, and it is believed that Defendants reside within the District and/or engage in business activity within the District. *See* 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is the United States of America who brings this action on behalf of the United States Marshals Service.

5. On June 8, 2022, Defendant Jeanette Marie Cuevas was the owner of a 2017 black Acura MDX Technology vehicle displaying Connecticut Registration BC18959 and bearing VIN 5FRYD4H53HB030667.

1

6. On June 8, 2022, Progressive Direct Insurance Company insured Defendant Cuevas's 2017 black MDX Technology vehicle containing VIN 5FRYD4H53HB030667 under Insurance Policy Number 953662620.

7. As of June 8, 2022, Defendant Cuevas was legally married to Steven Texidor.

## STATEMENT OF FACTS

8. On June 8, 2022, at approximately 5:30 a.m., a task force consisting of law enforcement officers from the United States Marshals Service and United States Marshals Service Task Force Officers from the Waterbury Police Department responded to 124 Courtland Avenue in Waterbury, Connecticut, to execute a felony arrest warrant on Steven Texidor.

9. On June 8, 2022, United States Marshals Task Force Officer Edward Mills ("TFO Mills") was operating a 2021 Ford Explorer displaying Connecticut Registration AZ70039 and bearing VIN 1FMSK8BH9MGB73156, which was leased by the United States Marshals Service.

10. On June 8, 2022, United States Deputy Marshal Greg Chester was operating a 2017 Dodge Ram Truck 1500 displaying Connecticut Registration AH00243 and bearing VIN 1C6RR7KT6HS577944, which was owned by the United States Marshals Service.

11. On arrival, TFO Mills pulled his vehicle into the driveway and parked in front of the garage door at 124 Courtland Avenue, Waterbury, Connecticut.

12. On arrival, United States Deputy Marshal Chester pulled his vehicle into the driveway and parked immediately behind TFO Mills at 124 Courtland Avenue, Waterbury, Connecticut.

13. All of the members of law enforcement were clearly marked as law enforcement and were wearing tactical vests, uniforms, and police logos with badges.

14. Law enforcement officers then set up a perimeter around the large, fenced in property located at 124 Courtland Avenue, approached the door and knocked several times while announcing "Police with a warrant."

15. At this point, Texidor was seen attempting to flee the home through the backyard.

16. The law enforcement officers penetrated the fence surrounding the property to gain entry to the rear yard.

17. Upon entering the rear, Texidor was seen running back into the house through a back door located near the garage area.

18. Within one minute, the law enforcement officers heard the garage door opening and saw that the vehicle owned by Defendant Cuevas was exiting the garage.

19. Texidor was operating the Acura, bearing Connecticut registration BC18959, which was exiting the garage.

20. Law enforcement officers observed Texidor repeatedly strike the front of the 2021 Ford Explorer in an apparent attempt to move the vehicle and flee the area.

21. The repeated strikes to the 2021 Ford Explorer caused that vehicle to be pushed into the 2017 Dodge Ram Truck, which was parked directly behind 2021 Ford Explorer.

22. The estimated cost for the repairs to the 2021 Ford Explorer total $13,211.82.

23. The estimated cost for repairs to the 2017 Dodge Ram Truck total $2,543.25.

### Count I – Negligent Property Damage

24. The prior allegations set forth above are incorporated by reference here.

25. Defendant Cuevas is the owner of the motor vehicle which caused the property damage to the two vehicles owned/leased by the United States Marshals Service.

26. As set forth above, Texidor and Defendant Cuevas were in a marital relationship during the relevant time period.

27. On or about May 23, 2022, Texidor was alleged to have previously fled from law enforcement. This resulted in him being charged with, *inter alia*, reckless driving, in violation of Conn. Gen. Stat. § 14-222, operating a motor vehicle without a license, in violation of Conn. Gen. Stat. § 14-36(a); and interfering with an office, in violation of Conn. Gen. Stat. § 53a-167a, at *State v. Texidor*, H15N-CR22-0337818-S

28. Defendant Cuevas owed a common law duty to prevent her vehicle from being used to destroy other people's property.

29. Defendant Cuevas breached this duty and was negligent in failing to prevent her car from being used by Texidor to ram vehicles owned or in use by the United States of America. Such negligence includes, but is not limited to, failing to property secure her vehicle, failing to property secure the keys to her vehicle, failing to instruct Texidor to not operate her vehicle during the law enforcement action, failing to prevent Texidor from operating her vehicle during a law enforcement action, and/or failing to prevent an unlicensed driver from using her car.

30. The United States Marshals Service suffered property damage to two vehicles as the result of the operation of a vehicle owned by Defendant Cuevas and insured by Progressive Insurance Company, when Texidor used that vehicle to ram into cars owned or leased by the United States Marshals Service.

31. Progressive Direct Insurance Company provided motor vehicle insurance coverage to Defendant Cuevas through Policy Number 953662620.

32. The United States Marshals Service submitted a claim to Progressive to cover the cost of repairs to its vehicles, and this submission was assigned Claim Number 22-8854823.

33. Initially, Progressive informed the United States Marshals Service that it would approve the submitted claim.

34. However, on July 28, 2022, Progressive denied the claim indicating that the insurance policy did not cover damages caused by intentional conduct.

### **Count II – Intentional Interference with Property/Conversion**[1,2]

35. The prior allegations set forth above are incorporated by reference here.

36. Defendant Cuevas is the owner of the motor vehicle which caused the property damage to the two vehicles owned/leased by the United States Marshals Service.

37. Texidor intentionally or recklessly caused property damage to the two vehicles owned/leased by the United States Marshals Service through his use of the vehicle owned by Defendant Cuevas.

38. Progressive Direct Insurance Company provided motor vehicle insurance coverage to Defendant Cuevas through Policy Number 953662620.

39. The United States Marshals Service submitted a claim to Progressive to cover the cost of repairs to its vehicles, and this submission was assigned Claim Number 22-8854823.

---

[1] Pursuant to Fed. R. Civ. Pro. 8(d)(2), the United States of America sets forth this pleading in the alternative.

[2] "The destruction of property can amount to exercising possession over property and therefore amount to conversion. As . . . explicitly stated in 1 Restatement (Second), Torts 226: One who intentionally destroys a chattel or so materially alters its physical condition as to change its identity or character is subject to liability for conversion to another who is in possession of the chattel or entitled to its immediate possession. *Luciani v. Stop & Shop Cos.*, 15 Conn. App. 407, 411, 544 A.2d 1238, *cert. denied*, 209 Conn. 809, 548 A.2d 437 (1988)." *DeHart v. Crossen*, No. CV044000241, 2005 Conn. Super. LEXIS 1474, at *5 (Super. Ct. June 3, 2005) (internal quotation marks omitted).

40. Initially, Progressive informed the United States Marshals Service that it would approve the submitted claim.

41. However, on July 28, 2022, Progressive denied the claim indicating that the insurance policy did not cover damages caused by intentional conduct.

42. Upon receipt of this notice and in response to questions posed to Progressive, the Plaintiff was informed that Progressive's exclusion policy only pertained to intentional conduct of the insured or intentional conduct committed at the direction of the insured.

43. The United States requested a copy of the Progressive insurance policy at issue to confirm the exclusion language, but Progressive refused to provide a copy of the same.

44. Defendant Cuevas did not engage in any intentional conduct on June 8, 2022.

45. Upon information and belief, because Defendant Cuevas was not charged with aiding and abetting Steven Texidor in any way, the United States alleges that Texidor's actions were not done at the direction of Defendant Cuevas.

**Prayer for Relief**

WHEREFORE, the United States respectfully requests judgment as follows:

    a.      Property Damage in the amount of $15,755.00;

    b.      Reasonable attorney's fees and costs; and

    c.      Such other relief the Court deems proper.


VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY


By:_____
Michelle L. McConaghy (ct27157)
David C. Nelson (ct25640)
Assistant U.S. Attorneys
157 Church Street, 24th Floor
New Haven, Connecticut 06510
Tel:    (203) 821-3700
Fax:   (203) 773-5373
Michelle.McConaghy@usdoj.gov
David.C.Nelson@usdoj.gov